1

2

3      UNITED STATES DISTRICT COURT

4      NORTHERN DISTRICT OF CALIFORNIA

5      OAKLAND DIVISION

6

7   VINCENT TYRONE RUCKER,

8              Plaintiff,                    No. C 11-4312 PJH (PR)

9        v.                                  **ORDER OF SERVICE**

10  J. TRENT (PA), and M.
    SEPULVEDA, M.D.,
11

12              Defendants.
    _____/

13        Plaintiff, an inmate at the Correctional Training Facility in Soledad, has filed a pro se

14  civil rights complaint under 42 U.S.C. § 1983.  He has been granted leave to proceed in

15  forma pauperis.

16                              **DISCUSSION**

17  **A.    Standard of Review**

18        Federal courts must engage in a preliminary screening of cases in which prisoners

19  seek redress from a governmental entity or officer or employee of a governmental entity.

20  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

21  dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

22  be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at

23  1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

24  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

25        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

26  the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

27  the statement need only '"give the defendant fair notice of what the . . . . claim is and the

28  grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

**United States District Court**
For the Northern District of California

1    omitted).  Although in order to state a claim a complaint "does not need detailed factual

2    allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

3    requires more than labels and conclusions, and a formulaic recitation of the elements of a

4    cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

5    above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

6    (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

7    plausible on its face."  *Id.* at 570.  The United States Supreme Court has recently explained

8    the "plausible on its face" standard of *Twombly*:  "While legal conclusions can provide the

9    framework of a complaint, they must be supported by factual allegations.  When there are

10   well-pleaded factual allegations, a court should assume their veracity and then determine

11   whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 129 S.Ct.

12   1937, 1950 (2009).  However, complaints in pro se prisoner cases, such as this one, must

13   be liberally construed in favor of the plaintiff when applying the *Twombly/Iqbal* pleading

14   standard.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

15        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

16   elements:  (1) that a right secured by the Constitution or laws of the United States was

17   violated, and (2) that the alleged deprivation was committed by a person acting under the

18   color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

19   **B.    Legal Claims**

20        Plaintiff says that he has bullets lodged in his left arm and lower back, and that they

21   "move around," causing sharp pains.  He alleges that these pains make it difficult for him to

22   climb to the upper bunk to which he is assigned, and that he has "slipped" several times

23   trying to do so.  He filed an administrative appeal trying to get an assignment to a lower

24   bunk, but defendants refused.  These allegations are sufficient to state a claim.

**CONCLUSION**

26        For the foregoing reasons,

27        1.  The clerk shall issue summons and the United States Marshal shall serve,

28   without prepayment of fees, copies of the complaint with attachments and copies of this

**United States District Court**
For the Northern District of California

order on the following defendants: J. Trent (PA), and M. Sepulveda, M.D.  The clerk also shall serve a copy of this order on plaintiff.

2.  In order to expedite the resolution of this case, the court orders as follows:

a.  No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

c.  If defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon them.

d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

3.  All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

3

4.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

5.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  November 15, 2011.

PHYLLIS J. HAMILTON
United States District Judge

United States District Court
For the Northern District of California

P:\PRO-SE\PJH\CR.11\RUCKER4312.SRV.wpd

4

**United States District Court**
For the Northern District of California

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

### NOTICE -- WARNING (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

### NOTICE -- WARNING (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.