IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT T. RUCKER<br><br>    Plaintiff,<br><br>vs.<br><br>J. TRENT, et al.,<br><br>    Defendants. | No. C 11-4312 YGR (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(Docket No. 11) |

## **INTRODUCTION**

Plaintiff Vincent T. Rucker, a state prisoner currently incarcerated at the Correctional Training Facility in Soledad ("CTF"), filed this *pro se* civil rights action under 42 U.S.C. § 1983 against prison officials at CTF for injuries sustained in 2010 and 2011. In his complaint ("Compl."), Plaintiff alleged that Defendants CTF Physician Assistant J. Trent and CTF Physician M. Sepulveda, violated his constitutional rights by denying him a lower bunk assignment. (Compl. at 3.) Plaintiff alleged that he has bullets lodged in his left arm and lower back and that these wounds cause him substantial pain. (*Id*.) He further alleged that these wounds made it difficult for him to climb to the upper bunk that he was assigned to. (*Id*.) Plaintiff is seeking injunctive relief. (*Id*. at 4.)

Plaintiff filed a 602 inmate appeal requesting a lower bunk "accommodation" (No-11-00261). (*Id*. at 3.) On February 10, 2011, this appeal was denied at the first formal level of review. (*Id*.) Plaintiff stated in his complaint that:

> . . . on February 10, 2010, Trent, Physician Assistant, (PA), evaluated the [Plaintiff] for his issue on appeal and determined he experiences physical limitation of the upper extremity, but maintains sufficient mobility and physical ability to maintain unimpeded access to programs. [Plaintiff] states this is not true.

(*Id*.) On February 18, 2011, Plaintiff's administrative appeal was denied at the second level of administrative review. (*Id*.) In his complaint, Plaintiff alleged as follows:

>It was further stated, by M. Sepulveda, M. D. was assigned appeal at the second level of review (SLR). As stated: Documentation indicates that appellant had been advised at the FLR that his request for a lower bunk accommodation was denied. [Plaintiff] do[es] not agree with them, said reason, [plaintiff] has bullets in his left arm and lower back, that still move around. And he has sharp pains all the time which makes it very difficult to access an upper bunk and has slipped several times while climbing up on top, to try and got to sleep.

(*Id.*) Finally, on March 29, 2011, Plaintiff's administrative appeal was denied at the Director's level of review. (*Id.*)

In an Order dated November 15, 2011, the Court found that Plaintiff's allegations were "sufficient to state a claim" under § 1983. (Docket No. 5.)

On February 16, 2012, Defendants filed their motion to dismiss ("MTD") Plaintiff's complaint. (Docket No. 11.) On March 19, 2012, Plaintiff filed his opposition ("Opp'n") to Defendants' motion to dismiss. (Docket No. 14.) On April 4, 2012, Defendants filed their reply to Plaintiff's opposition. (Docket No. 15.)

Having read and considered the papers submitted by the parties, the Court hereby GRANTS Defendants' motion to dismiss.

## DISCUSSION

In their motion to dismiss, Defendants claim: (1) Plaintiff does not properly identify rights under the Constitution or federal law that were violated and therefore fails to state a claim under § 1983; (2) Plaintiff fails to state a claim under the Americans with Disabilities Act ("ADA") and that even if he states a claim under the ADA, such a claim is barred by the pending class action *Armstrong v. Brown, et al.*, No. C 94-2307 CW (N.D. Cal. filed June 29, 1994); and (3) the doctrine of qualified immunity shields Defendants from liability.

**I.     Standard for Review**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (1964).

In considering whether the complaint is sufficient to state a claim, the district court must accept all factual allegations as true and construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). However, the court need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *amended*, 275 F.3d 1187 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A plaintiff may negate his claim by including unnecessary details that contradict it. *Sprewell*, 266 F.3d at 988. A court, for example, is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. *Bell Atl. Corp.*, 550 U.S. at 557; *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998). "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chemical Co.,* 845 F.2d 802, 810 (9th Cir. 1988). A court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

**II. Analysis**

**A. Deliberate Indifference to Serious Medical Needs**

Defendants contend that Plaintiff's complaint fails to state a claim that any of his rights under the Constitution were violated. (MTD at 3.) They contend that in his complaint, Plaintiff merely requests "that he be provided a lower bunk accommodation and that the Court rule that he not be required to suffer the pain of climbing into an upper bunk." (*Id*.) Defendants further state in their motion to dismiss that the aforementioned allegations do not amount to any "cognizable legal theory," and that Plaintiff's complaint should therefore be dismissed. (*Id*.) However, they argue that even if Plaintiff's allegations are construed as an Eighth Amendment claim of deliberate indifference to serious medical needs, Plaintiff cannot show that the deprivation that he suffered was "sufficiently serious." (*Id*. at 4.)

3

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing *Estelle*, 429 U.S. at 104), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Negligence alone does not warrant liability under the Eighth Amendment. *Id.* at 835-36 & n4. An "official's failure to alleviate a significant risk that he should have perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment." *Id.* at 838. Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)). Prison officials violate their constitutional obligation only by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05.

A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a Section 1983 claim. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is generally insufficient to establish deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1058, 1059-60 (9th Cir. 2004).

Here, Plaintiff claims that his 602 appeal relating to his request for lower bunk assignment was improperly denied by Defendants. (Compl. at 3.)

First, the Court notes that there is no constitutional right to a prison administrative appeal or grievance system. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Garfield v. Davis*, 566 F. Supp. 1069, 074 (E.D. Pa. 1983); *accord Wolff v. McDonnell*, 418 U.S.

4

539, 565 (1974) (accepting Nebraska system wherein no provision made for administrative review of disciplinary decisions). Thus, Plaintiff's allegation that his 602 appeal was improperly handled by Defendants cannot be the sole basis for liability. However, Plaintiff may establish liability on the part of Defendants, who were both involved in the administrative grievance process, by alleging that his appeal put them on notice that he had a serious medical need that was not being met, and their denial, therefore, constituted deliberate indifference to his serious medical need. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (holding that prison officials manifest a deliberate indifference to prisoner's medical needs if they intentionally deny, delay, or interfere with medical treatment).

The complaint does not support an inference that Defendants knew that Plaintiff had a "serious" medical need, as constitutionally defined, and denied his appeals regardless. The record indicates that Defendant Trent assessed Plaintiff's 602 appeal at the first level of review. (Compl. at 3.) Although Defendant Trent noted that Plaintiff has limitations in his upper extremities, he ultimately concluded that Plaintiff maintained sufficient mobility, in spite of his injuries, such that a lower bunk assignment was not warranted. (*Id.*) Plaintiff contends, in his complaint, that this assessment was erroneous. (*Id.*) Nevertheless, based on this information, the Court finds that Defendant Trent had no notice that Plaintiff had a "serious" medical need that was not being met. Similarly, at the second level of review, Defendant Sepulveda relied on the findings made by Defendant Trent at the first level of review in denying Plaintiff's request for a lower bunk assignment. (*Id.*) Thus, Defendant Sepulveda was also aware of Plaintiff's limitations in his upper extremities, but, in spite of this limitation, he affirmed Defendant Trent's conclusion that Plaintiff maintained sufficient physical mobility. (*Id.*) Therefore, there seemed to be nothing in the review of Plaintiff's 602 appeal to alert Defendants of a serious medical need. However, Plaintiff stated in his complaint that he disagrees with the findings at the second level of review because he experiences "sharp pains all the time" which make it "difficult" to access an upper bunk. (*Id.*) In addition, he claims to have slipped "several times" while climbing to the upper bunk. (*Id.*)

Even if Plaintiff's complaint did support an inference that Defendants knew that Plaintiff had a serious medical need and denied his appeals regardless, the allegations in the complaint make clear

5

that Plaintiff does not state a claim for deliberate indifference to serious medical needs under the Eighth Amendment. Defendant Trent was aware of Plaintiff's limitation of the upper extremities and took it into consideration in making his decision. In Defendant Trent's judgment, Plaintiff's condition was not so severe as to warrant a lower bunk assignment. As mentioned above, Defendant Sepulveda based his denial on Defendant Trent's findings. Plaintiff claims he disagrees with Defendants' findings. However, Plaintiff's disagreement with Defendants' determination that a lower bunk assignment was not medically necessary does not give rise to an Eighth Amendment deliberate indifference claim. *See Franklin*, 662 F.2d at 1344; *see also Toguchi*, 391 F.3d at 1058, 1059-60 (difference of medical opinion as to need to pursue one course of treatment over another generally insufficient to establish deliberate indifference). Defendants' decision to deny Plaintiff's 602 appeal upon finding that a lower bunk assignment was not warranted cannot be said to have been medically unacceptable under the circumstances *and* taken in conscious disregard of an excessive risk to Plaintiff's health. *Id.* at 1058.

Plaintiff's insistence that Defendants should have found that a lower bunk assignment was warranted, at most, points to a claim of medical malpractice or negligence that is not cognizable under Section 1983. *See id.* at 1060-61; *see also Farmer*, 511 U.S. at 835-36. It simply cannot be said that either Defendant Trent or Defendant Sepulveda, in denying Plaintiff's 602 appeals, "intentionally den[ied] or delay[ed] [Plaintiff] access to medical care." *Estelle*, 429 U.S. at 104-05.

Accordingly, the Court GRANTS Defendants' motion to dismiss on the ground that Plaintiff's complaint fails to state a claim for deliberate indifference to serious medical needs under the Eighth Amendment.

**B.      Violation of the ADA**

Defendants further argue that Plaintiff fails to state a claim under the ADA. Additionally, Defendants contend that even *if* Plaintiff states a claim under the ADA, Plaintiff's request for injunctive relief is barred by a pending class action, *Armstrong v. Brown.*

The Court finds that while Plaintiff alleges generally that Defendants have a role in the provision of health care for CTF inmates, Plaintiff does not assert Defendants' specific involvement in ADA programs, policies or enforcement. If Plaintiff had intended to bring an ADA claim against

6

Defendants for failure to provide adequate health care services, the claim is not viable because: (1) individuals cannot be sued directly under the ADA; and (2) the ADA prohibits discrimination because of a disability, not inadequate treatment for a disability.

First, Plaintiff has named as Defendants individual prison employees who are allegedly violating his rights under the ADA. However, Plaintiff cannot bring an ADA action against individuals, because the proper defendant in such actions is the public entity responsible for the alleged discrimination. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a state official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act."). Therefore, Plaintiff's ADA claim against Defendants should be DISMISSED with prejudice.

Second, even if Plaintiff could bring an ADA claim against Defendants, Plaintiff's allegations deal with *inadequate treatment* for a disability as opposed to *discrimination* because of a disability.

The ADA provides that "[n]o otherwise qualified individual with a disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 42 U.S.C. § 12132. The ADA is applicable to state prisons receiving federal financial assistance. *See Armstrong v. Wilson*, 124 F.3d 1019, 1022-23 (9th Cir. 1997); *Bonner v. Lewis*, 857 F.2d 559, 562 (9th Cir. 1988).

The elements of a claim under the ADA are that: (1) the plaintiff is a handicapped person under the ADA, (2) he is otherwise qualified, (3) the relevant program receives federal financial assistance, and (4) the defendants impermissibly discriminated against him on the basis of the handicap. *See Bonner*, 857 F.2d at 562-63; *cf. Olmstead v. Zimring*, 527 U.S. 581, 589-90 (1999) (essentially same showing required to state cause of action under Title II of ADA).

Here, as mentioned above, Plaintiff claims that Defendants unlawfully denied his 602 appeals relating to his request for a lower bunk assignment. (Compl. at 3.) In other words, Plaintiff claims that Defendants were not providing proper care for his alleged disability. However, Plaintiff does not allege that Defendants *discriminated* against him on the basis of his disability. Therefore, Plaintiff fails to state a claim under the ADA for which relief can be granted. *See Bonner*, 857 F.2d

at 562-63

Accordingly, the Court GRANTS Defendants' motion to dismiss on the ground that Plaintiff's complaint fails to state a claim under the ADA.  Because the Court finds that Plaintiff fails to state a claim under the ADA, the Court need not address Defendants' alternative argument Plaintiff's claims under the ADA are barred by *Armstrong v. Brown*.

In sum, the Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted.  Defendants' motion to dismiss is GRANTED, and the complaint is DISMISSED.  Because the Court has granted Defendants' motion to dismiss as to all of Plaintiff's claims, it need not address Defendants' argument that they are entitled to qualified immunity.

## **CONCLUSION**

For the reasons stated above, the Court orders as follows:

1.      The Court GRANTS Defendants' motion to dismiss (Docket No. 11), and the complaint is DISMISSED without further leave to amend.

2.      The Clerk shall enter judgment, terminate all pending motions, and close the file.  Each party shall bear his or her own costs.

3.      This Order terminates Docket No. 11.

IT IS SO ORDERED.

DATED: September 30, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**